1
2
3
4                    **UNITED STATES DISTRICT COURT**
5                         **DISTRICT OF NEVADA**
6

7   STEVEN MILLER,                          )
8                    Plaintiff,             )        Case No.  2:14-cv-00628-APG-CWH
                                            )
9   vs.                                     )        **ORDER**
                                            )
10  STATE OF ARIZONA DEPARTMENT OF          )
    CORRECTIONS, *et al.*,                  )
11                                          )
12                   Defendants.            )
    _____)

13          This matter is before the Court on Plaintiff's Second Application to Proceed *in Forma*
14  *Pauperis* (#4), filed on May 5, 2014.

15  **I.      *In Forma Pauperis* Application**

16          Plaintiff previously submitted a Motion/Application to Proceed *In Forma Pauperis* (#1) on
17  April 22, 2014.  The Court denied it without prejudice on April 29, 2014 because it was submitted
18  on an inmate form and he represents that he is not an inmate.  *See* Order #3.  Plaintiff was granted
19  30 days to submit a new Application.  He submitted two new Applications on May 5, 2014, but
20  with inconsistent information.  One provides information with respect to Question 1 that asks for
21  information if incarcerated and the other provides information with respect to Question 2 that asks
22  for information if not incarcerated along with additional income.  It appears as though Plaintiff is
23  not incarcerated so the Court will consider his second Application (#4) pages 3 and 4.  Further, it
24  appears as though Plaintiff receives income of $1,550 per month in social security disability and
25  $28 every other month while having $800 in monthly expenses and $1,500 in debt.  Based on this
26  information, Plaintiff's request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C.
27  § 1915(a).  The Court will now screen Plaintiff's Complaint (#1-1).

28  **II.     Screening the Complaint**

            Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

### A.    Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  According to Plaintiff's complaint he is a citizen of Nevada and Defendants are citizens of Arizona.  However, Plaintiff has not alleged sufficient facts to determine the amount of damages he is seeking.  Therefore, the Court finds that Plaintiff has not invoked the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

2

**B.** **Federal Question Jurisdiction**

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Plaintiff's Complaint fails to identify a single law, federal or state, under which he is seeking relief. The Court finds that Plaintiff's Complaint could be construed as attempting to state a claim for disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.* Claims under this statutes invoke the Court's federal-question jurisdiction pursuant to 28 U.S.C. § 1331. However, because Plaintiff failed to properly identify this statute, the Court will grant him leave to file an Amended Complaint with properly labeled causes of action and sufficient facts to support a claim upon which relief can be granted.

Additionally, the ADA prohibits discrimination against people with recognized disabilities under 42 U.S.C. § 12102. The ADA requires a plaintiff to exhaust both state and Equal Employment Opportunity Commission ("EEOC") administrative procedures. Section 12112(b) provides that refusal to make reasonable accommodation for disability, absent a showing of undue hardship by the employer, constitutes discrimination. It also prohibits retaliation in the form of adverse employment action resulting from requests for such accommodation. Further, Section 12117 provides for enforcement through the EEOC or through a private civil action. Plaintiff's Complaint indicates that he may have filed a prior lawsuit and may have exhausted EEOC administrative procedures. However, the Court has insufficient information to determine that

3

1  Plaintiff's private civil action may proceed.  He failed to provide any dates of the alleged disability

2  discrimination events and did not provide evidence of the EEOC's finding or right to sue letter.

3  Accordingly, Plaintiff will be given leave to amend his complaint to include this information.

4  Furthermore, in order to prove a prima facie claim under the ADA, a plaintiff must show

5  that: (a) he is disabled within the meaning of the ADA; (b) he is qualified to perform the essential

6  functions of his position with or without a reasonable accommodation; and (c) he suffered an

7  adverse employment action because of his disability.  *See Allen v. Pacific Bell,* 348 F.3d 1113,

8  1114 (9th Cir. 2003); *see also U.S. Airways, Inc. v. Barnett,* 535 U.S. 391, 396 (2002).  Under the

9  ADA, "disability" is defined as: "(a) physical or mental impairment that substantially limits one or

10  more of the major life activities of such individual; (b) a record of such impairment; or (c) being

11  regarded as having such impairment."  *Id.*  Plaintiff's Complaint fails to allege sufficient facts to

12  state a claim for disability discrimination under the ADA as he does not identify his disability, how

13  he was qualified to perform the essential functions of the job, and why he believes she was

14  terminated because of that disability.  Further, Plaintiff's Complaint fails to state sufficient facts to

15  state a claim for retaliation under the ADA.  Plaintiff will be given leave to amend to properly

16  identify his cause of action in separate counts, identify which law he is seeking relief under, and

17  plead sufficient facts to state a claim for relief.

18  In conclusion, because Plaintiff has failed to properly state his causes of action and provide

19  sufficient factual support, his Complaint must be dismissed.  The dismissal will be without

20  prejudice to Plaintiff and he may amend his complaint to include adequate factual allegations to

21  support his claims.  If Plaintiff elects to proceed by filing an amended complaint, he is informed

22  that the Court cannot refer to a prior pleading to make his amended complaint complete.  Local

23  Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior

24  pleading.  This is because, as a general rule, an amended complaint supersedes the original

25  complaint.  See *Loux v. Rhay*, 375 F.2d 55, 57 (9th cir. 1967).  Therefore, in an amended

26  complaint, each claim, and the involvement of the defendant, must be sufficiently alleged.

27  Based on the foregoing and good cause appearing therefore,

28  **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis*

4

(#4) pages 3-4 is **granted**.  Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

  **IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint (#1-1).

  **IT IS FURTHER ORDERED** that the Complaint (#1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have **thirty (30)** days from the date that this Order is entered, June 5, 2014, to file an amended complaint correcting the noted deficiencies.  Failure to comply with this Order may result in the Court recommending that this action be dismissed.

  DATED this 6th day of May, 2014.


            _____
            **C.W. Hoffman, Jr.**
            **United States Magistrate Judge**